UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2006 MAY -2  P 1: 53

| | |
|---|---|
| Willie J. Harrison,  # 242170, | ) C/A No. 9:06-1166-TLW-GCK |
|                    Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Colie L. Rushton, Warden of MCCI; and<br>Henry McMaster, Attorney General of South Carolina, | ) |
|                    Respondents. | ) |



The petitioner, Willie J. Harrison ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis*. Petitioner pled guilty to charges from Anderson, Pickens and Greenville County and was sentenced in Anderson County Court of General Sessions in 1997. This Court has previously considered the merits of a petition for writ of habeas corpus filed by the Petitioner. In Civil Action Number 9:01-2806-20BG, this Court dismissed petitioner's § 2254 petition based on the merits, and appeal to the United States Court of Appeals for the Fourth Circuit was dismissed. Harrison v. Condon, 39 Fed.Appx. 949, 2002 WL 1772930 (4th Cir. 2002). Petitioner has not received permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition. The petition should be dismissed as this Court does not have jurisdiction to consider it.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).



## Background

The § 2254 petition reveals Petitioner pled guilty in the Anderson County Court of General Sessions on June 24, 1997, to six counts of armed robbery, two counts of attempted armed robbery and two counts of assault with the intent to kill. He was

sentenced to twenty-five years imprisonment for each armed robbery; twenty years for each attempted armed robbery; and ten years for each assault with the intent to kill. All of the sentences were ordered to be served concurrently. Petitioner did not file a direct appeal of his convictions and sentences. Although Petitioner filed an application in state court for post-conviction relief (PCR), and a hearing was held on October 21, 1999, the PCR was denied on December 6, 1999. Petitioner sought review from the South Carolina Supreme Court, which was denied on May 25, 2001.

Petitioner thereafter filed a petition for writ of habeas corpus under § 2254 with this District Court, <u>Harrison v. Condon</u>, CA No. 9:01-2806, raising the issues presented to the state courts, which was denied on the merits by order dated May 16, 2002. Petitioner's appeal to the United States Court of Appeals for the Fourth Circuit was dismissed. <u>Harrison v. Condon</u>, 39 Fed.Appx. 949, 2002 WL 1772930 (4th Cir. 2002). Petitioner had also previously filed a petition for habeas relief under § 2254 in this District Court, <u>Harrison v. Harrison</u>, CA No. 6:00-754, which was dismissed without prejudice by order dated June 5, 2000. Petitioner did not appeal the dismissal of his first federal § 2254 petition in Civil Action Number 6:00-754.

The § 2254 petition reveals Petitioner subsequently filed another state PCR, which was dismissed after a hearing, by order dated June 5, 2003. The South Carolina Supreme Court dismissed the appeal of the PCR on April 20, 2005. This second state PCR raised the same issues presented in the current petition for Writ of Habeas Corpus pursuant to § 2254. According to the petition, the Petitioner has a pending state PCR action in Anderson County Court of Common Pleas concerning his prior PCR counsel.

3

## Discussion

The § 2254 petition in this case states as the single ground for relief: "[t]he trial courts lacked subject matter jurisdiction as well as jurisdiction, when the Greenville charge was not presented to a grand jury." The issue of subject matter jurisdiction regarding the Greenville County offense was addressed in Petitioner's prior § 2254 habeas action, Civil Action Number 9:01-2806-20BG, filed in this Court and affirmed on appeal. The Report and Recommendation in the prior case, which was adopted by the United States District Court Judge, states that "[i]n the course of the PCR hearing, Harrison abandoned any complaint with regard to the unindicted offense in Greenville County and the matter of subject matter jurisdiction." The United States Court of Appeals for the Fourth Circuit "reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error." Harrison v. Condon, 39 Fed.Appx. 949, 2002 WL 1772930 (4th Cir. 2002). The current § 2254 petition is a successive petition and should be dismissed.



Individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), in part, amended Title 28.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. See Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the § 2254 petition in this case, this Court does not have jurisdiction to consider it.

### Recommendation



Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of

1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

_____
George C. Kosko
United States Magistrate Judge

~~April~~ May 2, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**